UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CR-165-TAV-CCS |
| | ) | |
| MARC KEVIN SCHUHE, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's Motion to Set Aside Plea Agreement [Doc. 40]. The defendant moves the Court, pursuant to Rule 11(d)(2)(B)[1] of the Federal Rules of Criminal Procedure, to set aside his plea agreement and allow him to plead guilty to both counts of the indictment without being bound to the terms of the plea agreement. The government submitted a response [Doc. 42] opposing the motion and requesting that the motion be denied.

**I.    Background**

On December 16, 2014, a grand jury returned a two-count indictment against the defendant on charges for transportation of a minor for criminal sexual activity and attempt of transportation of a minor for criminal sexual activity [Doc. 1]. On May 18, 2015, the defendant signed a plea agreement [Doc. 19] in which he agreed to plead guilty

---

[1] The Court notes that the defendant states he moves the Court pursuant to Rule 11(d)(B) [Doc. 40]. The Court finds that the defendant intended to move the Court pursuant to Rule 11(d)(2)(B).

to Count One of the indictment, charging him with transportation of a minor, in violation of 18 U.S.C. § 2423(a) [*Id.* ¶ 1].  Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the government agreed to dismiss the remaining count against the defendant at the time of sentencing [*Id.* ¶ 2].  The defendant appeared before the Court on June 3, 2015, and officially changed his plea of not guilty to a plea of guilty [Doc. 21].  The defendant's sentencing was set for October 7, 2015 [*Id.*].  The original Presentence Investigation Report was filed on September 2, 2015 [Doc. 23].

On September 14, 2015, the defendant filed a motion to continue the sentencing [Doc. 24], which the Court granted, and the hearing was reset for February 3, 2016 [Doc. 26].  The defendant then filed a notice of objections on December 8, 2015 [Doc. 27].  On January 5, 2016, the defendant filed a second motion to continue the sentencing [Doc. 28], which the Court granted, and the hearing was reset for April 14, 2016 [Doc. 29].

The defendant filed a motion to substitute attorney on January 19, 2016 [Doc. 30].  The Court granted this motion on January 22, 2016, and substituted the defendant's retained counsel, Mr. Joseph Fanduzz, for his appointed counsel [Doc. 31].  On April 8, 2016, the defendant filed the present motion to set aside the plea agreement [Doc. 40].

**II.    Analysis**

The defendant argues that the government's agreement to move to dismiss Count Two of the indictment—because it does not affect his guidelines range—is not adequate consideration for waiving his appellate rights [Doc. 41].  He contends that because he has

not received any benefit for his bargain, the plea agreement should be set aside [*Id.*]. In response, the government argues that the defendant has not met his burden of showing a fair and just reason for withdrawing of his plea as required by Federal Rule of Criminal Procedure 11(d)(2)(B) [Doc. 42].

### A. Standard for Withdrawal of Guilty Plea under Federal Rule of Criminal Procedure 11(d)(2)(B)

"A defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citations omitted). Federal Rule of Criminal Procedure 11(d) provides the standard for withdrawal of a guilty plea:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1) before the court accepts the plea, for any reason or no reason; or
>
> (2) after the court accepts the plea, but before it imposes sentence if:
>
>     (A) the court rejects a plea agreement under Rule 11(c)(5); or
>
>     (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

In this case, the Court has already accepted the defendant's guilty plea, and the Court is not rejecting the plea agreement pursuant to Rule 11(c)(5). Accordingly, the defendant must show a "fair and just reason" to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a

3

defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert. denied*, 502 U.S. 1117 (1992) (citation omitted).

The defendant carries the burden of proving that withdrawal of his guilty plea is justified, and the matter is left to the discretion of the Court. *Alexander*, 948 F.2d at 1003 (citation omitted). In *United States v. Bashara*, the Sixth Circuit gave a non-exclusive list of factors which should guide a district court in determining whether to allow a defendant to withdraw his guilty plea:

(1) the amount of time that elapsed between the plea and the motion to withdraw it;

(2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceeding;

(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

(6) the degree to which the defendant has prior criminal experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

27 F.3d 1174, 1181 (6th Cir. 1994), *cert. denied*, 514 U.S. 1033 (1995), *superseded by statute on other grounds*, U.S.S.G. § 3B1.1; *see also Ellis*, 470 F.3d at 281 (citing and

4

applying the *Bashara* factors); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (applying the factors discussed in *Bashara*).

The factors listed in *Bashara* are a general, non-exclusive list and no one factor is controlling. *See United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The first six factors are used to determine whether a defendant has presented a fair and just reason for withdrawal of the plea and a court will balance any fair and just reason with the last factor—any prejudice to the government. *Alexander*, 948 F.2d at 1004. Prejudice to the government, however, need not be addressed until the defendant establishes a fair and just reason for vacating his guilty plea. *See United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)) ("[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal."). Although the *Bashara, Alexander*, and *Spencer* courts were operating under the then-controlling Federal Rule of Criminal Procedure 32(e),[2] the same factors and rationale are still applicable to the analysis of withdrawing a guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *See, e.g.*, *Ellis*, 470 F.3d at 281; *Valdez*, 362 F.3d at 912.

---

[2] The rule for withdrawal of a guilty plea was formerly codified as Federal Rule of Criminal Procedure 32(e), which provided that a district court could permit a defendant to withdraw a guilty plea before sentencing if the defendant showed "any fair and just reason." *See* Fed. R. Crim. P. 32(e) (West 2001). This rule applied regardless of whether the court had accepted the guilty plea. *United States v. Mader*, 251 F.3d 1099, 1104 (6th Cir. 2001), *cert. denied*, 535 U.S. 1058 (2002).

The Court will address the *Bashara* factors as applicable to this case and—noting that the factors are a non-exclusive list—will also address defendant's argument that he did not receive adequate consideration for waiving his appellate rights.

### B. Application of the *Bashara* Factors

The Court notes that the defendant does not address the *Bashara* factors. Despite that, given the Sixth Circuit jurisprudence on Rule 11(d)(2)(B), the Court will analyze each of the factors to guide it in determining whether the defendant has demonstrated a fair and just reason for withdrawal of his plea.

#### 1. Amount of Time Elapsed

First, considering the amount of time that has elapsed between the plea and the motion to withdraw it, the Court notes that the defendant pleaded guilty on June 3, 2015, and filed the present motion to withdraw on April 8, 2016—over ten months after the entry of his plea of guilty. The Court notes that the Sixth Circuit has routinely upheld denials of motions to withdraw in cases with shorter periods of time elapsing. *See United States v. Taylor*, 366 F. App'x 478, 482–83 (6th Cir. 2010) (upholding denial of a defendant's motion to withdraw plea when six months had elapsed between the guilty plea and the motion); *Valdez*, 362 F.3d at 912–13 (holding that a seventy-five day delay justified the denial of the defendant's motion to withdraw his plea); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (noting that the "strongest factor" supporting the district court's denial of motion to withdraw was the seventy-seven day

6

time period between guilty plea and filing of motion). Based on this precedent, the Court concludes that this factor does not weigh in favor of granting the motion.

### 2. Valid Reason for Failing to Move to Withdraw Earlier

Turning to the whether the defendant provided a reason for failing to move to withdraw his plea earlier, the defendant has not attempted to provide any reason for why there was such a delay in filing the motion to withdraw his plea. The initial Presentence Investigation Report, which was filed on September 2, 2015, indicated that the dismissal of Count Two would have no impact on the defendant's guidelines range [Doc. 23 ¶ 58]. Despite that, it was not until months later that the defendant moved to set aside the plea agreement. Given that the defendant has not cited any reason as to why he did not move to withdraw his plea agreement at an earlier stage of this case, the Court finds that this factor also weighs against permitting the defendant to withdraw his plea.

### 3. Whether Defendant Has Maintained His Innocence

The Court now considers whether the defendant has maintained his innocence. In this case, the defendant does not move the Court to set aside the plea agreement in an attempt to go to trial and assert his innocence. Rather, he asks the Court to allow him to set aside the agreement and allow him to plead guilty to both counts of the indictment without being bound to the terms of the plea agreement. The defendant has never asserted his innocence and admits guilt to this day. The Court thus finds that consideration of this factor does not favor permitting the plea withdrawal.

### 4. Circumstances Surrounding the Entry of the Guilty Plea

Regarding the circumstances surrounding the entry of the guilty plea, the defendant has not submitted that any of the circumstances underlying the entry of a guilty plea weigh in favor of setting aside the plea agreement. He does not allege any facts to suggest that the circumstances surrounding his plea reflect that he made an uninformed or hasty decision to enter into the plea agreement. Accordingly, the Court finds that the fourth factor does not favor permitting the plea withdrawal.

### 5. Defendant's Nature and Background

The Court next turns to the defendant's nature and background. A defendant's intelligence, sophistication, and understanding of the plea are relevant to a court's analysis of this factor. *See Ellis*, 470 F.3d at 285 (finding that this factor supported denial of defendant's motion to withdraw plea because the defendant was highly educated and sophisticated and understood what he was doing when he entered his plea); *see also United States v. Quinlan*, 473 F.3d 273, 278 (6th Cir. 2007).

As noted in the most recent version of the Presentence Investigation Report, the defendant is approximately forty-six years of age and has obtained his General Educational Development certificate [Doc. 38 ¶¶ 45, 52]. He also attended Canada College in Redwood City, California, for approximately two years, but did not receive a degree [*Id.* ¶¶ 52]. The Court further notes that the defendant has been self-employed for ten years [*Id.* ¶ 53]. Based on these facts, the Court finds that the defendant is fairly educated and has the capacity to understand the nature and meaning of a guilty plea.

8

Consequently, the defendant's history and characteristics do not favor permitting the plea withdrawal.

### 6. Experience with the Criminal Justice System

In considering the defendant's degree of familiarity with the justice system, the Court similarly concludes that defendant's past interactions with the criminal justice system do not weigh in favor of permitting the defendant to withdraw his guilty plea. The defendant is in a Criminal History Category II, and the Court notes that the defendant has four criminal adult convictions [*Id.* ¶¶ 35–39]. Thus, the defendant has a degree of familiarity with the criminal justice system and this factor does not support a plea withdrawal.

### C. Validity of Consideration for Plea Agreement

The defendant contends that the Court should set aside the plea agreement because there was no adequate consideration for the defendant's waiver of his appellate rights. He argues that the government's agreement to move to dismiss Count Two of the indictment—because it has no effect on his sentence—is not a benefit.

"[P]lea agreements are governed by general principles of contract law." *United States v. Hunter*, 316 F. App'x 470, 472 (6th Cir. 2009). "[T]he law does not permit a criminal defendant to bargain away his constitutional rights without receiving in return either the benefit of his bargain . . . or, if the court rejects that bargain, reinstatement of the rights surrendered." *Bercheny v. Johnson*, 633 F.3d 473, 476 (6th Cir. 1980).

9

Under the terms of the defendant's plea agreement, the government agrees to move the Court: (1) to dismiss Count Two of the indictment, and (2) to decrease the defendant's offense level by one addition level pursuant to § 3E.1.1(b) of the Sentencing Guidelines [Doc. 19].

The Sixth Circuit has held that a reduction in the number of charges facing a defendant is adequate consideration and is considered a "meaningful concession" in exchange for a guilty plea. *United States v. Henderson*, 135 F. App'x 858, 861 (6th Cir. 2005). Also, a defendant can only receive a reduction pursuant to § 3E.1.1(b) upon motion from the government. U.S.S.G. § 3E.1.1(b). Here, a one-level reduction reduces the defendant's guidelines range from 210–262 months to 188–235 months [Doc. 38].[3] The government's agreement to make a § 3E.1.1(b) is a concession and constitutes adequate consideration. *See Hunter*, 316 F. App'x at 472–73.

The Court finds the plea agreement between the defendant and the government is supported by adequate consideration, and the defendant received, or will receive, a benefit in exchange for the waiver of his constitutional rights. *See United States v. McArthur*, No. 10-cv-14726, 2011 WL 2144436, at *2–3 (E.D. Mich. May 31, 2011) (finding adequate consideration in a plea agreement where the dismissal of charges had no impact on sentencing).

---

[3] The Court notes that the defendant filed objections to the Presentence Investigation Report that the Court has not yet ruled on [Doc. 27]. The Court's ruling on those objections may change the guidelines range presented here.

**III. Conclusion**

After consideration of the *Bashara* factors, and because the Court finds adequate consideration for the plea agreement, the Court concludes that the defendant has not demonstrated a fair and just reason for vacating his plea under Rule 11(d).[4] Accordingly, the defendant's Motion to Set Aside Plea Agreement [Doc. 40] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Because the defendant has not presented a fair and just reason for permitting him to withdraw his plea, the Court need not address the seventh *Bashara* factor, prejudice to the government. *See Goddard*, 638 F.3d at 495 (finding that, because defendant had not established a fair and just reason to permit withdrawal, whether the government would have been prejudiced was immaterial).

11